**ART ANDREWS, Plaintiff**

v.

**GEORGE PARROTT, d/b/a, Parrott Yamaha Sales, Defendant**

Civil No. 983-1972

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 16, 1973

FREDERICK D. ROSENBERG, ESQ., St. Thomas, V.I., *for plaintiff*

ROGER L. CAMPBELL, ESQ., St. Thomas, V.I., *for defendant*

HOFFMAN, *Judge*

### MEMORANDUM OPINION

This cause came on for hearing on March 14, 1973. Plaintiff was represented by F. D. Rosenberg, Esq., and

defendant by Roger Campbell, Esq. Plaintiff's complaint is captioned "Action for Recision of Property," but as the following memorandum will demonstrate, plaintiff sought leave to amend to conform to the proof and, thereby, to request an award of damages. From the testimony adduced and the evidence admitted, and after careful consideration, the Court makes the following:

## FINDINGS OF FACT

1. That plaintiff on March 28, 1972, purchased a new 1972 Yamaha Trail Bike for the use of plaintiff's wife's minor son.

2. That the purchase price of the bike was $649.50 and that defendant gave an oral warranty with the purchase covering mechanical defects for the first 500 miles.

3. That in early May 1972 the plaintiff's wife's son began to experience difficulties with the "kick starter" mechanism of the bike and returned it to defendant's shop for repairs; that the warranty period had expired by this time, but plaintiff agreed to pay for the necessary repairs.

4. That from May 2, 1972 to September 6, 1972 the bike was unavailable for the stepson's use due to mechanical difficulties, and that defendant was informed in May 1972 that the youth needed the bike to travel to his job.

5. That by the end of June 1972 defendant through an outside mechanic, caused certain mechanical work to be performed on the bike to correct the difficulties, but that plaintiff found the bike still to be in faulty working condition. Defendant, himself, agreed that after these first repairs the bike was still "sticking in third gear."

6. That, as the first mechanic had made a mistake in his repair work, defendant volunteered to have the bike properly serviced and repaired, but was unable to get the needed parts from the U.S. Mainland and therefore

was required to order them from Japan. On August 19, 1972 defendant received a confirmation on his order for parts.

7. That on August 30, 1972 the second set of repairs was completed at a cost of $73.23 which was borne by defendant; that defendant then tested the bike and found it to be in proper running condition.

8. That on September 6, 1972, plaintiff requested a written guarantee on the repair work which defendant refused to furnish; *that plaintiff then left the bike at defendant's shop.*

9. That the bike is still in defendant's possession.

10. That the plaintiff has failed to establish damages for loss of use or loss of earnings resulting from the delay in repairing the vehicle.

### "DISCUSSION WITH CONCLUSIONS OF LAW"

█ Upon a review of the facts it seems obvious to the Court that plaintiff's prayer for rescission must fail. The earliest date upon which plaintiff could be said to have notified defendant of his intention to revoke acceptance was September 6, 1972, the date when plaintiff requested a written guarantee for the work performed. Under 11A V.I.C. 2–608(2) the buyer must revoke within a *reasonable time* after he discovers or should have discovered the grounds for revocation. In addition, revocation must be elected prior to the time when any substantial change in the condition of the goods, unrelated to their defects, occurs. Id. Simply stated, plaintiff has waited too long to be allowed now to rescind.

Perhaps aware of the above reasoning, plaintiff moved to amend his pleading to conform to the proof and to request an award in damages. The motion was granted, but regardless of this ruling under Rule 15(b), F. R. Civ. P., the Court is mindful of its obligation under Rule 54(c),

F. R. Civ. P., to grant plaintiff the relief to which he is entitled irrespective of the plaintiff's pleading. Nevertheless, despite the avenues available for an award of damages, damages have not been satisfactorily demonstrated.

██ Evidence disclosed at trial indicated the youth's need for the motorcycle to provide transportation to his part time job. The son indicated that the bike was unavailable from May 2, 1972 to September 15, 1972, although testimony of defendant disclosed that the bike was available on September 6, 1972. The son further indicated that he was unable to return to his job after May 2, 1972. He stated that he earned two dollars per hour initially and worked approximately 3 1/2 hours on three weekdays and all day on Saturday. He testified that school let out on June 10, 1972 and that he hoped to work full time during the summer. This evidence, however, is quite speculative and the Court is unable to conclude that the evidence affords a sufficient basis for estimating the youth's loss of earnings with certainty. Restatement, Contracts § 331.

██ More fundamental defects in plaintiff's cause compel the Court's conclusion. The plaintiff has offered no proof of the cost of a rental substitute for the motorcycle. He has failed to establish that defendant acted in a dilatory manner in correcting the repairs. (It must be remembered that plaintiff agreed to pay for the first set of repairs and that it was this set of repairs that caused the youth to lose his job). The Court has found that defendant volunteered to correct the first mechanic's mistake. The defendant's action in promptly ordering the needed parts from the U.S. Mainland and his subsequent order to Japan, when he was informed that the parts were unavailable from his usual U.S. source, strikes the Court as a conscientious effort on the part of defendant. Plaintiff is thus foreclosed from recovery of damages.

209

In accordance with the above opinion, judgment shall be entered in favor of defendant, dismissing plaintiff's complaint on the merits, but defendant is ordered to promptly return the motorcycle to plaintiff's possession in operable condition.

Each party shall bear his own costs and attorney's fees.